IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VENKANNA KANNA, M.D.,

    Plaintiff,

v.

HON. JAMES B. PEAKE, Secretary,
United States Department of Veterans
Affairs,

    Defendant.

Case No. 2:08-cv-242
Judge Sargus
Magistrate Judge Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Venkanna Kanna ("Plaintiff")'s Motion In Limine to Exclude Evidence on Processing of Complaint at the Ohio Medical Board. (Doc. 57.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

Following the termination of Plaintiff's employment from the Department of Veterans Affair's Medical Center in Chillicothe, Ohio in 2006, the State Medical Board of Ohio ("Board") opened a case against Plaintiff to determine if discipline should be taken against him. (*See* Doc. 73, Ex. A at 1.) The Board's procedures involved a two step process. First, a hearing examiner investigated Plaintiff's termination and submitted a report and recommendation to the Board recommending that Plaintiff should be suspended from the practice of medicine for at least two years. (*See* Doc. 73, Ex. A at 7-8.) Second, the Board itself considered the recommendation of the hearing officer, and ultimately decided to take no action against Plaintiff. (*See* Doc. 73, Ex. B at 1.) Plaintiff now moves that Defendant, the Secretary of the United States Department of

Veterans Affairs ("Secretary"), be precluded from offering evidence at trial of the proceedings before the Board.

The report prepared by the hearing examiner is hearsay, and is thus inadmissible pursuant to Federal Rule of Evidence 802, unless some exclusion or exception to the hearsay rule is applicable. Rule 803(8) provides that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness" are not to be excluded as hearsay. FED. R. EVID. 803(8).

A review of the hearing examiner's report reveals that the hearing examiner relied largely on hearings held by the Department of Veterans Affairs in making the recommendations to the Board. (*See* Doc. 73, Ex. A.) After his termination, Plaintiff appealed to a body within the Department known as a Disciplinary Appeals Board, and the hearing examiner used the report issued by this body in preparing his report.

The parties have agreed that the report of the Disciplinary Appeals Board will be presented to the jury in this case. Thus, the hearing examiner's written recommendation mainly incorporated and adopted other findings, which will be independently presented to the jury.

Further, there is substantial doubt as to whether the Board itself adopted the factual findings of the hearing examiner to the extent those facts had supported the hearing examiner's recommendation that Plaintiff be subjected to a lengthy suspension from the practice of medicine. The report of the hearing examiner, therefore, cannot be considered a report of the Board setting forth factual findings, as required for the Rule 803(8) hearsay exception.

The Sixth Circuit has identified four factors in evaluating trustworthiness under Rule 803(8). These factors, which are found in the Advisory Committee notes to the Rules, include "(1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted, and (4) possible motivational problems." *Miller v. Field*, 35 F.3d 1088, 1090 (6th Cir. 1994)(quoting *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978)). While the first, second, and fourth factors are not at issue in this case, as stated above, the hearing examiner relied on the proceedings before the Disciplinary Appeals Board in preparing his report and recommendation. (*See* Doc. 73, Ex. A.)

In sum, the report of the hearing examiner is based on the conclusions of the Department of Veterans Affairs Disciplinary Appeals Board, which the jury will receive independently. The report is not the product of an independent investigation. Finally, the record does not demonstrate whether the Board adopted or rejected the report.

For the reasons set forth above, the Plaintiff's motion (Doc. 57) is **GRANTED**, and the Secretary is precluded from introducing evidence related to Plaintiff's case before the Board at trial.

**IT IS SO ORDERED.**

7-16-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**